IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02072-BNB

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 23 2010

GREGORY C. LANGHAM
CLERK

JOHN M. HENTGES,

    Plaintiff,

v.

GIRL SCOUTS OF THE U.S.A, et al.,
KATE GENAITIS, Individually and in her Official Capacity as Consultant to the State
    Councils,
GIRL SCOUTS OF COLORADO, et al.,
VIRGINIA L. MASON, Individually and in her Official Capacity as President and CEO,
ANGELA LANGHUS-GANTT, Individually and in her Official Capacity as Membership
    Executive,
JULIANA RIED, Individually and as a Private Citizen Acting Under Color of State Law,
MARGARET BERRY, Individually and as a Private Citizen Acting Under Color of State
    Law,
LIA CHRISTIANS, Individually and as a Private Citizen Acting Under Color of State
    Law,
DENVER POLICE DEPARTMENT, et al.,
TONY DALVIT, Individually and in his Official Capacity as Police Officer,
RICHARD SEELEY, Individually and in his Official Capacity as Police Sergeant,
DENVER CITY ATTORNEY, et al.,
MELISSA DRAZEN-SMITH, Individually and in her Official Capacity as Assistant
    Director,
CAROL A. WALTER, Individually and as a Private Citizen Acting Under Color of State
    Law, and
E. GAY NIERMANN, Individually and in her Official Capacity as Attorney and Child and
    Family Investigator,

    Defendants.

---

ORDER OF DISMISSAL

---

On August 13, 2010, Plaintiff, John M. Hentges, a Minnesota citizen, submitted *pro se* and on behalf of his children, B.W.H., T.J.H., N.A.H., C.M.H., and A.N.H., a civil cover sheet, a "Request to Waive *Pro Se* Requirement Under D.C.COLO.LCivR 8.1," a

Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, and a "Verified Complaint."

On August 17, 2010, Mr. Hentges submitted, *pro se* and on behalf of his children, a cover letter to the clerk of the Court and two copies of an amended § 1915 motion and affidavit indicating his request that the Court direct the United States Marshal Service to serve process. He also submitted two additional copies of the "Verified Complaint."

As part of the Court's review pursuant to D.C.COLO.LCivR 8.1, the Court determined that the submitted documents were deficient because Mr. Hentges lacked standing to represent his minor children in this action. *See Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam). In an order filed on August 26, 2010, the Court informed Mr. Hentges that under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654 a minor child "cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney." *Id.*; *accord Osei-Afriyie ex rel. Osei-Afriyie v. Medical College of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990).

In the August 26 order, the Court pointed out that Mr. Hentges' children were not represented by an attorney; concluded that Mr. Hentges may not represent his minor children in this action; and dismissed the minor children, B.W.H., T.J.H., N.A.H., C.M.H., and A.N.H., as parties to this action. The Court also denied the "Request to Waive *Pro Se* Requirement Under D.C.COLO.LCivR 8.1" and directed Mr. Hentges to cure certain deficiencies in the action.

Specifically, the Court directed Mr. Hentges to submit an amended § 1915 motion and affidavit and a complaint on the proper Court-approved form. The Court also directed Mr. Hentges to list all parties in the caption to the amended complaint instead of using "et al." in the caption.

On September 7, 2010, Mr. Hentges submitted an amended § 1915 that only he signed but which listed his minor children, B.W.H., T.J.H., N.A.H., C.M.H., and A.N.H., as co-plaintiffs. He also submitted an amended complaint using only the first two pages, page six, and the signature page from the Court-approved complaint form. On September 9, 2010, the Court granted leave to proceed *in forma pauperis* pursuant to § 1915 to Mr. Hentges only.

On September 15, 2010, Mr. Hentges submitted an amended "Verified Complaint" that only he signed but which he filed *pro se* and on behalf of B.W.H., T.J.H., N.A.H., C.M.H., and A.N.H. He asserts jurisdiction pursuant to 42 U.S.C. §§ 1981, 1983, 1985, the Federal Tort Claims Act, and 28 U.S.C. §§ 1331, 1332, and 1343. Also on September 15, Mr. Hentges appealed from the August 26 order dismissing his children as parties to this action.

"The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam); *see Stewart v. Donges*, 915 F.2d 572, 574 (10th Cir. 1990). However, courts of appeals generally

have no jurisdiction to review district court orders until there is a "final decision" from the district court under 28 U.S.C. § 1291. *Stewart*, 915 F.2d at 574.

Mr. Hentges may not appeal from the August 26 order because it is not a final order under § 1291. Furthermore, although not specifically requested by Mr. Hentges, the Court will not certify the August 26 order in this action for an interlocutory appeal because the order does not involve a controlling question of law as to which there is substantial ground for difference of opinion. *See* 28 U.S.C. § 1292(b).

"If the notice of appeal is deficient by reason of untimeliness, lack of essential recitals, reference to a non-appealable order, or otherwise, the district court may ignore it and proceed with the case." *Arthur Andersen & Co. v. Finesilver*, 546 F.2d 338, 340-41 (10th Cir. 1976). "Otherwise, a litigant could temporarily deprive a court of jurisdiction at any and every critical juncture." *Hodgson v. Mahoney*, 460 F.2d 326, 328 (1st Cir.), *cert. denied*, 409 U.S. 1039 (1972). Because Mr. Hentges may not appeal from the Court's August 26 order dismissing his minor children as Plaintiffs, the Court will ignore the notice of appeal and proceed with the case.

The Court must construe liberally the September 15 amended complaint because Mr. Hentges is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence

4

construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for *pro se* litigants. *See id.*

Mr. Hentges primarily is challenging the validity of arrest warrant number 197168 and the criminal charges apparently pending against him in Denver District Court resulting from a report filed against him by the Girl Scouts of Colorado. The report allegedly arose from the Girl Scouts' refusal to provide information to Mr. Hentges concerning his daughter's participation in Girl Scouts because he is not the custodial parent of his children. He also is challenging the validity of the divorce decree entered in 2006 in Jefferson County district court Case No. 05DR212, which he previously challenged in this Court. *See Hentges v. Walter*, No. 08-cv-01160-ZLW (D. Colo. Aug. 12, 2008). "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

The named Defendants in this action include Mr. Hentges' ex-wife, Girl Scouts organizations, Girl Scouts officials, the Denver Police Department, Denver police officers, and attorneys. As relief, Mr. Jackson asks the Court for injunctive relief, i.e., to dismiss the arrest warrant and charges pending against him and to award him money damages.

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction. The issue of subject matter jurisdiction may be raised sua sponte by the Court at any time during the course of the proceedings. *See*

*McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).

The Court has examined the September 7 amended complaint filed in this action and finds that the Court lacks subject matter jurisdiction.

To the extent Mr. Hentges challenges the validity of the arrest warrant and criminal charges apparently pending against him, the Court will decline to exercise subject matter jurisdiction pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger*, 401 U.S. at 44; *Phelps v. Hamilton*, 59 F.3d 1058, 1063-64 (10th Cir. 1995). To establish extraordinary or special circumstances, a defendant must be facing an irreparable injury that is both great and immediate. *See Younger*, 401 U.S. at 46. The exceptions to *Younger* provide only for a "very narrow gate for federal intervention." *Phelps*, 59 F.3d at 1064 (internal quotation marks omitted).

Mr. Hentges does not allege any facts that indicate he will suffer great and immediate irreparable injury if the Court fails to intervene in the ongoing state court criminal proceedings. The fact that Mr. Hentges will be forced to appear in state court on criminal charges, by itself, is not sufficient to establish great and immediate irreparable injury. *See Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977). If Mr. Hentges ultimately is convicted in state court and he

believes that his federal constitutional rights were violated in obtaining that conviction, he may pursue his claims in federal court by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he exhausts state remedies. Therefore, the Court will abstain from exercising jurisdiction over Mr. Hentges' claims challenging the validity of the arrest warrant and criminal charges apparently pending against him.

Mr. Hentges already was informed in No. 08-cv-01160-ZLW that he may not challenge his divorce decree in this Court. As has been explained previously to Mr. Hentges, the *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

The ***Rooker-Feldman*** doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. **See *Feldman*,** 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." ***Crutchfield v. Countrywide Home Loans***, 389 F.3d 1144, 1147-48 (10th Cir. 2004). "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Id.* at 1148. Furthermore, the ***Rooker-Feldman*** doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." **See *Jordahl v. Democratic Party of Va.*,** 122 F.3d 192, 199 (4th Cir. 1997).

As noted above, Mr. Hentges appears to be challenging his state court divorce decree, which would require the Court to review the state court judgment. Therefore, the Court finds that, to the extent Mr. Hentges challenges his divorce decree, the amended complaint must be dismissed for lack of subject matter jurisdiction pursuant to the ***Rooker-Feldman*** doctrine. **See *Van Sickle v. Holloway*,** 791 F.2d 1431, 1436 (10th Cir. 1986).

Finally, the state court divorce action involves important state interests. The Supreme Court has stated that "'[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.'" ***Ankenbrandt v. Richards***, 504 U.S. 689, 703 (1992) (quoting ***Ex Parte Burrus***, 136 U.S. 586, 593-94 (1890)). Consequently, federal courts

do not have diversity jurisdiction over divorce and alimony decrees and child custody orders. ***Ankenbrandt***, 504 U.S. at 703.

Accordingly, it is

ORDERED that the amended complaint and the action are dismissed without prejudice for lack of subject matter jurisdiction.

DATED at Denver, Colorado, this  23rd  day of  September , 2010.

BY THE COURT:

 s/Philip A. Brimmer 
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02072-BNB

John M. Hentges
827 Commerce Street
Le Sueur, MN 56058

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9\23\10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk